UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INDEMNITY COMPANY and, 
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY,

    Plaintiffs,

v.

JUSTIN ALBRECHT, EMILY ALBRECHT,
MICHAEL JAMES and MARJANNA JAMES,

    Defendants.

Case No. 2:25-cv-10465
Hon.

Magistrate Judge

**DEMAND FOR JURY TRIAL**

---

**CARY R. BERLIN (P64122)**
**PATRICK, JOHNSON & MOTT, P.C.**
Attorneys for Plaintiffs
70 Macomb Place, Suite 224
Mt. Clemens, Michigan 48043
(248) 356-8590
cberlin@pjmpc.com

---

## COMPLAINT FOR DECLARATORY JUDGMENT

*The subject matter of this lawsuit relates, at least in part, to the same transaction or occurrence that is the subject matter of litigation currently pending in the Macomb County Circuit Court (Case No. 2024-005000-CZ).*

Plaintiffs, Allstate Indemnity Company and Allstate Vehicle and Property Insurance Company (collectively referred to as "Allstate"), through their attorneys, Patrick, Johnson & Mott, P.C., and for their Complaint for Declaratory Judgment brought pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 against the Defendants, Justin Albrecht, Emily Albrecht, Michael James and Marjanna James, state as follows:

### GENERAL ALLEGATIONS

    1.    Allstate is a foreign insurance corporation, duly organized and existing under the

laws of the State of Illinois, with its principal place of business located in the City of Northbrook, State of Illinois, and at all times the material hereto, was licensed and authorized to provide property and casualty insurance in the State of Michigan, including, in Macomb County.

2. Allstate is, therefore, a citizen, corporation and resident of the State of Illinois, and is not a resident, citizen or corporation of the State of Michigan.

3. Based upon information and belief, at all times material hereto, Justin Albrecht was a citizen of, and was domiciled in the County of Macomb, State of Michigan.

4. Based upon information and belief, at all times material hereto, Emily Albrecht was a citizen of, and was domiciled in the County of Macomb, State of Michigan.

5. Based upon information and belief, at all times material hereto, Michael James was a citizen of, and was domiciled in the County of Macomb, State of Michigan.

6. Based upon information and belief, at all times material hereto, Marjanna James was a citizen of, and was domiciled in the County of Macomb, State of Michigan.

7. A controversy exists between Allstate and the Defendants in an amount in excess of $75,000.00.

8. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 2201. See also, *Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 813 (6th Cir. 2004) and *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984).

9. Venue is proper in this Court as the Defendants are residents of the State of Michigan who reside within this Judicial District, Allstate conducts business within this District, the subject policies of insurance were sold to the Albrechts in this District, and the dispute giving

rise to the litigation the Jingles filed against the Albrechts by the James' concerns actions which occurred in, and property that is located within this Judicial District.

10. The laws of the State of Michigan govern this matter.

11. Allstate Vehicle and Property Insurance Company issued a House and Home Policy to the Albrechts, numbered 965152857, wherein it agreed to provide a defense and/or indemnification if they were legally obligated to pay damages because of bodily injury or property damage arising from an occurrence to which the policy applies, subject to all the terms, conditions, limitations and exclusions set forth therein. (House and Home Policy, **Exhibit "A"**).

12. Allstate Indemnity Company issued a Personal Umbrella Policy ("Umbrella") to Emily Albrecht, numbered 965216843, which also provided coverage to Justin Albrecht, wherein it agreed to pay for damages that they become legally obligated to pay because of bodily injury, property damage and/or personal injuries, arising out of an occurrence that is both a covered loss under the Excess Liability Insurance-Bodily Injury and Property Damage-Section of the policy, and a covered loss under Ms. Albrecht's required underlying insurance policy, or for which for Required Underlying Insurance was not required, subject to all the terms, conditions, limitations and exclusions set forth therein. (Umbrella Policy, **Exhibit "B"**).

13. The House and Home Policy provides $300,000.00 in family liability coverage per occurrence, and $1,000.00 in guest medical protection coverage per person. (**Exhibit "A"**).

14. The Umbrella Policy provides $1,000,000.00 bodily injury and property damages excess liability coverage per occurrence, and $500,000.00 for personal injury coverage per occurrence. (**Exhibit "B"**).

15. The subject House and Home policy provides, in relevant part:

Section II-Family Liability and Guest Medical Protection

3

Family Liability Protection-Coverage X

Losses We Cover Under Coverage X:
Subject to the terms, conditions and limitations of this policy, we will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies, and is covered by this part of the policy. . .

* * *

Coverage Y
Premises Medical Protection

Losses We Cover Under Coverage Y:
We will pay the reasonable expenses incurred for necessary medical, surgical, x-ray and dental services; ambulance, hospital, licensed nursing and funeral services; and prosthetic devices, eye glasses, hearing aids, and pharmaceuticals. These expenses must be incurred and the services performed within three years from the date of an occurrence resulting in bodily injury covered by this part of the policy. . . (**Exhibit "A"**).

16. The subject Umbrella Policy provides:

Excess Liability Insurance - Bodily Injury and Property Damage Coverage XL

Section 1
Under Section 1 of this policy, we will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising out of an occurrence that is both a loss we cover under Excess Liability Insurance -Bodily Injury and Property Damage - Section 1 of this policy and a covered loss under your Required Underlying Insurance policy.

We will not pay any punitive or exemplary damages, fines and penalties.
* * *
Losses We Cover Under Excess Liability Insurance - Bodily Injury and Property Damage - Section 1

We will cover an occurrence arising only out of:

1. Personal activities of an insured person. . .

4

\* \* \*

Section 2

Under Section 2 of this policy, we will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising only out of:

1. a covered occurrence for which Required Underlying Insurance is not required by this policy; or

2. a covered occurrence for which you are required by this policy to maintain Required Underlying Insurance but there is no Required Underlying Insurance in effect at the time of the occurrence.

We will not pay punitive or exemplary damages, fines and penalties.

Losses We Cover Under Excess Liability Insurance - Bodily Injury and Property Damage - Section 2

We will cover an occurrence arising only out of:

Personal activities of an insured person . . .

\* \* \*

Excess Liability Insurance - Personal Injury
Coverage XP

Under Excess Liability Insurance -Personal Injury, we will pay damages which an insured person becomes legally obligated to pay because of persona l injury. Personal injury must arise from a covered occurrence.

We will not pay any punitive or exemplary damages, fines and penalties.

Losses We Cover Under Excess Liability Insurance - Personal Injury

We will cover an occurrence arising only out of:

Personal activities of an insured person. . . (**Exhibit "B"**).

17. On or about December 20, 2024, Mike James and Marjanna James filed a lawsuit against the Albrechts in the Macomb County Circuit Court, seeking damages and equitable relief

due to an alleged series of allegedly improper behaviors they claim the Albrechts are engaging in, including, but not limited to repeatedly calling the police and filing complaints against the James' for: (a) their dogs barking; (b) their using a tent in their backyard; (c) having a shed; (d) playing music too loud; (e) as well as for the Albrechts allegedly trespassing onto the James' property; (f) invading their privacy; (g) creating a nuisance; (h) assaulting them; (i) intentionally inflicting emotional distress upon them; and (j) defaming them. (Underlying Complaint, **Exhibit "C"**).

18. The James' also assert that all of the Albrechts' claims against them are false, and they claim that the Albrechts have "stalked" them for the last two years. (**Id.**).

19. In addition to monetary damages, the James' also seek a restraining order to require the Albrechts to cease their "verbal and physical abuse" and harassment of the James' and their son, who owns/operates a landscaping business, as they allege the Albrechts contacted their son's customers in an effort to harm his business. (**Id.**).

20. The Albrechts have requested that Allstate provide them with a defense in the underlying litigation under one or both of their policies, and to indemnify them against any judgment that is entered against her in that case.

21. Allstate is currently defending the Albrechts in the underlying litigation under separate reservations of rights for the two policies identified above. (**Exhibit "D"**).

<u>**COUNT I**</u>
**<u>ALLSTATE DOES NOT HAVE A DUTY TO DEFEND OR INDEMNIFY THE ALBRECHTS UNDER THEIR HOUSE AND HOME POLICY OR THEIR UMBRELLA POLICY, AS THEIR ALLEGED CONDUCT DOES NOT CONSTITUTE AN OCCURRENCE UNDER THE POLICIES</u>**

22. Allstate incorporates herein by reference hereto each of its allegations contained

6

in Paragraphs 1 through 21 of this Complaint for Declaratory Judgment, the same as if the allegations were fully set forth herein.

 23. The Policies provide the following definitions:

(House and Home Policy)

GENERAL
Definitions Used in This Policy
Throughout this policy, when the following words appear in bold type, they are defined as follows:

1. Bodily injury – means physical harm to the body, including sickness or disease, and resulting death. . .

* * *

7. Occurrence – means an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury or property damage.

8. Property damage – means physical injury to or destruction of tangible property, including loss of its use resulting from such physical injury or destruction.

(Umbrella Policy)

GENERAL
Definitions Used in This Policy

1. Bodily injury means:

 a) physical harm to the body, including sickness, disease, disability or death resulting from physical harm to the body;
 b) shock, mental anguish or mental injury.

* * *

5. Occurrence means an accident during the policy period, including continued and repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury, personal injury or property damage.

7

      6.     Personal injury means harm resulting from:

           a)     false arrest, false imprisonment, wrongful detention;
           b)     wrongful entry, invasion of rights of occupancy, wrongful eviction; or
           c)     libel, slander, humiliation, defamation of character, invasion of rights of privacy.

      7.     Property damage means physical harm to or destruction of tangible property, including loss of its use resulting from such physical injury or destruction.

24.     The James' have not alleged that they sustained a bodily injury as a result of the Albrecht's conduct, as that phrase is defined in the Policies.

25.     The James' have not alleged that they sustained property damage as a result of the Albrecht's conduct, as that phrase is defined in the Policies.

26.     Both Policies define "occurrence," in relevant part, as "an accident," which results in bodily injury or property damage (House and Home), and "an accident" that results in bodily injury, property damage or personal injury (Umbrella).

27.     The Albrechts alleged conduct did not result from an accident, as the James allege that they are intentionally harassing them, and engaging in other intentional conduct.

28.     None of the Albrecht's alleged actions were accidental.

29.     The Albrecht's alleged conduct did not result in bodily injury or property damage to the James'.

30.     The Albrechts alleged conduct is not an occurrence under their House and Home Policy, as it did not result from an accident, and because it did not result in bodily injury or property damage.

31.     The Albrechts alleged conduct is not an occurrence under their Umbrella Policy,

as it did not result from an accident, and because it did not result in bodily injury or property damage.

32. Allstate does not have a duty under the Albrechts House and Home Policy to defend or indemnify them in the lawsuit brought against them by the James' in the Macomb County Circuit Court.

33. Allstate does not have a duty under the Albrechts Umbrella Policy to defend or indemnify them in the lawsuit brought against them by the James' in the Macomb County Circuit Court.

WHEREFORE, Plaintiffs, Allstate Indemnity Company and Allstate Vehicle and Property Insurance Company, respectfully request this Honorable Court enter an Order that:

    a. declares the rights and other relations of the parties to this action;

    b. declares that, under the subject House and Home Policy of insurance, Allstate is not obligated to defend or indemnify the Albrechts in the underlying lawsuit, case number 2024-005000-CZ, because their actions do not constitute an occurrence under that Policy;

    c. declares that, under the subject Umbrella Policy of insurance, Allstate is not obligated to defend or indemnify the Albrechts in the underlying lawsuit, case number 2024-005000-CZ, because their actions do not constitute an occurrence under that Policy;

    d. permits a trial by jury of any fact issues in this case;

    e. awards Allstate its costs and attorney fees; and

    f. awards Allstate any other relief this Court deems appropriate.

**COUNT II**
**ALLSTATE DOES NOT HAVE A DUTY TO DEFEND OR INDEMNIFY THE ALBRECHTS UNDER THEIR HOUSE AND HOME POLICY OR THEIR UMBRELLA POLICY, AS THE JAMES' CLAIMED INJURIES AND/OR DAMAGES ARE BARRED BY THE POLICIES' EXPECTED OR INTENDED ACTS EXCLUSIONS**

34. Allstate incorporates herein by reference hereto each of its allegations contained in Paragraphs 1 through 33 of this Complaint for Declaratory Judgment, the same as if the allegations were fully set forth herein.

35. The Policies, pursuant to Endorsements, provide:

(House and Home Policy)

Losses We Do Not Cover Under Coverage X:

1. We do not cover bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person. This exclusion applies even if:

   a) such insured person lacks the mental capacity to govern his or her conduct;
   b) such bodily injury or property damage is of a different kind or degree than that intended or reasonably expected; or
   c) such bodily injury or property damage is sustained by person than intended or reasonably expected.

   except when the person claiming the loss is an innocent co-insured.

   If a criminal act occurred related to the loss, this exclusion will only be applied if a court or other adjudicatory body convicts an insured of that criminal act.

\* \* \*

Losses We Do Not Cover Under Coverage Y:

1. We do not cover bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or

criminal acts or omissions of, any insured person. This exclusion applies even if:

a) such insured person lacks the mental capacity to govern his or her conduct;
b) such bodily injury or property damage is of a different kind or degree than that intended or reasonably expected; or
c) such bodily injury or property damage is sustained by person than intended or reasonably expected.

(Umbrella Policy)

Exclusions- Losses We Do Not Cover Under Excess Liability Insurance - Bodily Injury and Property Damage-Section 2 Excess Liability Insurance-Bodily Injury and Property Damage-Section 2 will not apply:

* * *

13. To bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person. This includes any bodily injury or property damage arising out of a violation of a penal law or ordinance committed by or with the consent or knowledge of an insured person. This exclusion applies even if:

    a) such insured person lacks the mental capacity to govern his or her conduct;
    b) such bodily injury or property damage is of a different kind or degree than that intended or reasonably expected; or
    c) such bodily injury or property damage is sustained by a different person than intended or reasonably expected.

This exclusion applies regardless of whether or not such insured person is actually charged with, or convicted of, a crime.

* * *

Exclusions- Losses We Do Not Cover Under Excess Liability Insurance - Personal Injury
This coverage does not apply:

\* \* \*

12. To personal injury intended by, or which may reasonably be expected to result from the intentional acts or omissions of, any insured person.

This exclusion applies even if:
    a) such insured person lacks the mental capacity to govern his or her conduct;
    b) such personal injury is of a different kind or degree than that intended or reasonably expected; or
    c) such personal injury is sustained by person than intended or reasonably expected.

36. Under the express terms of the House and Home Policy, bodily injuries or property damages resulting from the Albrecht's intended conduct, or which are expected to result from their intentional actions, are excluded from coverage.

37. Under the express terms of the Umbrella policy, bodily injuries, personal injuries and/or property damages resulting from the Albrecht's intended conduct, or which are expected to result from their intentional actions, are excluded from coverage.

38. The James' have alleged that the Albrecht's intentionally engaged in a pattern of harassment against them, as set forth in Paragraphs 17 through 19 above, as well as the allegations in the underlying Complaint (**Exhibit "C"**).

39. The Albrecht's alleged conduct precludes coverage for the James' claimed injuries and/or damages under the subject House and Home Policy, as the Albrecht's claimed conduct was intended, and/or because the injuries and/or damages reportedly sustained by the James were expected to result from the Albrecht's intentional actions.

40. The Albrecht's alleged conduct precludes coverage for the James' claimed injuries under the subject Umbrella Policy, as the Albrecht's claimed conduct was intended,

and/or because the injuries and/or damages reportedly sustained by the James were expected to result from the Albrecht's intentional actions.

41. Allstate does not have a duty under the Albrechts House and Home Policy to defend or indemnify them in the lawsuit brought against them by the James' in the Macomb County Circuit Court.

42. Allstate does not have a duty under the Albrechts Umbrella Policy to defend or indemnify them in the lawsuit brought against them by the James' in the Macomb County Circuit Court.

WHEREFORE, Plaintiffs, Allstate Indemnity Company and Allstate Vehicle and Property Insurance Company, respectfully request this Honorable Court enter an Order that:

    a. declares the rights and other relations of the parties to this action;

    b. declares that, under the subject House and Home and Policy of insurance, Allstate is not obligated to defend or indemnify the Albrechts in the underlying lawsuit, case number 2024-005000-CZ, because any claimed injuries or damages sustained by the James' are expressly excluded by the Policy's expected and/or intended acts exclusions;

    c. declares that, under the subject Umbrella Policy of insurance, Allstate is not obligated to defend or indemnify the Albrechts in the underlying lawsuit, case number 2024-005000-CZ, because any claimed injuries or damages sustained by the James' are expressly excluded by the Policy's expected and/or intended acts exclusions;

    d. permits a trial by jury of any fact issues in this case;

    e. awards Allstate its costs and attorney fees; and

    f. awards Allstate any other relief this Court deems appropriate.

## COUNT III
## NO DUTY TO INDEMNIFY, AND NO DUTY TO DEFEND

43. Allstate incorporates herein by reference hereto each of its allegations contained in Paragraphs 1 through 42 of this Complaint for Declaratory Judgment, the same as if the allegations were fully set forth herein.

44. Because there is no possible factual or legal basis upon which Allstate could be obligated under the Albrecht's House and Home Policy to indemnify the Albrechts for the injuries and damages allegedly sustained by the James', Allstate does not have a duty to defend the Albrechts against the allegations brought against them by the James' in the Macomb County Circuit Court litigation.

45. Because there is no possible factual or legal basis upon which Allstate could be obligated under the Albrecht's Umbrella Policy to indemnify the Albrechts for the injuries and damages allegedly sustained by the James', Allstate does not have a duty to defend the Albrechts against the allegations brought against them by the James' in the Macomb County Circuit Court litigation.

WHEREFORE, Plaintiffs, Allstate Indemnity Company and Allstate Vehicle and Property Insurance Company, respectfully request this Honorable Court enter an Order that:

    a. declares the rights and other relations of the parties to this action;

    b. declares that, under the subject House and Home Policy, Allstate is not obligated to continue defending, or to indemnify the Albrechts in the underlying lawsuit, case number 2024-005000-CZ;

    c. declares that, under the subject Umbrella Policy, Allstate is not obligated to continue defending, or to indemnify the Albrechts in the underlying lawsuit, case number 2024-005000-CZ;

      d.      permits a trial by jury of any fact issues in this case; and

      e.      awards Allstate any other relief this Court deems appropriate.

**COUNT IV
ONE OCCURRENCE**

46.    Allstate incorporates herein by reference hereto each of its allegations contained in Paragraphs 1 through 45 of this Complaint for Declaratory Judgment, the same as if the allegations were fully set forth herein.

47.    The subject House and Home Policy provides that any injuries or damages that result from continuous or repeated exposure to substantially the same general harmful conditions is considered the result of one occurrence, and are subject to the policy's limits of liability.

48.    The subject Umbrella Policy provides that any injuries or damages that result from continuous and repeated exposure to substantially the same general harmful conditions during the policy period is considered the result of one occurrence, and are subject to the Policy's limits of liability.

49.    Allstate has, and continues to submit that the James' claimed injuries and damages are not covered under the Albrecht's House and Home Policy.

50.    Allstate has, and continues to submit that the James' claimed injuries and damages are not covered under the Albrecht's Umbrella Policy.

51.    Allstate alternatively pleads that, if the James' claimed injuries or damages are covered under either policy, that the Albrecht's actions be found to constitute one occurrence, as they are all related to the same or substantially the same general harmful conditions that occurred during the policy period.

WHEREFORE, Plaintiffs, Allstate Indemnity Company and Allstate Vehicle and Property Insurance Company, respectfully request that this Honorable Court enter an Order that declares the rights and other relations of the parties to this action, and that the Albrecht's alleged actions be found to be one occurrence, if any, under the Policies, as well as awarding Allstate any other relief this Court deems appropriate.

Respectfully submitted,

**PATRICK, JOHNSON & MOTT, P.C.**

*s/ Cary R. Berlin*
Attorneys for Plaintiffs
70 Macomb Place, Suite 224
Mt. Clemens, Michigan 48043
(248) 356-8590
cberlin@pjmpc.com

Date: February 18, 2025                                              P64122

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY and, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,<br><br>      Plaintiffs,<br>v.<br><br>JUSTIN ALBRECHT, EMILY ALBRECHT, MICHAEL JAMES and MARJANNA JAMES,<br><br>      Defendants. | Case No. 2:25-cv-10465<br>Hon.<br><br>Magistrate Judge |

**CARY R. BERLIN (P64122)**
**PATRICK, JOHNSON & MOTT, P.C.**
Attorneys for Plaintiffs
70 Macomb Place, Suite 224
Mt. Clemens, Michigan 48043
(248) 356-8590
cberlin@pjmpc.com

---

## JURY DEMAND

Plaintiffs, Allstate Indemnity Company and Allstate Vehicle and Property Insurance Company, through their attorneys, Patrick, Johnson & Mott, P.C., hereby demand a trial by jury in the above-captioned matter.

                 Respectfully submitted,

                 **PATRICK, JOHNSON & MOTT, P.C.**

                 s/ *Cary R. Berlin*
                 Attorneys for Plaintiffs
                 70 Macomb Place, Suite 224
                 Mt. Clemens, Michigan 48043
                 (248) 356-8590
                 cberlin@pjmpc.com
Date: February 18, 2025         P64122