UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ALLSTATE INDEMNITY COMPANY and ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,**<br><br>Plaintiffs,<br><br>vs.<br><br>**JUSTIN ALBRECHT and EMILY ALBRECHT,**<br><br>Defendants. | **2:25-CV-10465-TGB-APP**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (ECF NO. 12)** |

This matter is before the Court on Plaintiffs Allstate Indemnity Company's and Allstate Vehicle and Property Insurance Company's (collectively, "Allstate's") Motion for Entry of Default Judgment Against Defendants Justin Albrecht and Emily Albrecht and for Dismissal of this Case with Prejudice. ECF No. 12. In accordance with the notice issued by the Court, this motion will be determined without oral argument pursuant to E.D. Mich. LR 7.1(e). ECF No. 13. For the reasons stated below, the Court will **GRANT** Allstate's motion.

### I.  BACKGROUND

According to the Complaint filed in this case, Allstate issued two insurance policies to Defendants Justin and Emily Albrecht—a House and Home Policy and a Personal Umbrella Policy (collectively, "the Policies"). Compl. ¶¶ 11–12, ECF No. 1, citing Policies at ECF Nos. 1-2, 1-3. Under the Policies, Allstate agreed to provide a defense and/or

indemnification to the Albrechts if the Albrechts were legally obligated to pay damages because of bodily injury or property damage arising from an occurrence to which the Policies apply, subject to certain exclusions. *Id.*

On or about December 20, 2024, Mike James and Marjanna James filed a lawsuit against Justin and Emily Albrecht in the Macomb County Circuit Court, seeking damages and equitable relief due to a series of allegedly improper behaviors they claim the Albrechts are engaging in, including, but not limited to repeatedly calling the police and filing complaints against the Jameses for: (a) their dogs barking; (b) their using a tent in their backyard; (c) having a shed; (d) playing music too loud; (e) trespassing onto the Jameses' property; (f) invading their privacy; (g) creating a nuisance; (h) assaulting them; (i) intentionally inflicting emotional distress upon them; and (j) defaming them. *Id.* ¶ 17, citing State Court Complaint at ECF No. 1-4. The Jameses seek monetary damages and a restraining order against the Albrechts. *Id.* ¶ 18.

The Albrechts requested that Allstate provide them a defense in the underlying state court litigation, and to indemnify them against any judgment, and Allstate is currently defending the Albrechts in that state court action under a separate reservation of rights for the two Policies. *Id.* ¶¶ 20–21, citing ECF No. 1-5. Allstate stated in the reservation of rights letter that the allegations against the Albrechts may not be covered under the Policies as the alleged conduct was not accidental, the

injuries the Jameses reportedly sustained were intended or expected to result from the Albrechts' alleged conduct, and the Jameses' claimed injuries may not constitute bodily injury or property damage under the Policies. ECF No. 1-5, PageID.108–09.

On February 18, 2025, Allstate filed the instant lawsuit against Mike and Marjanna James and Justin and Emily Albrecht, seeking a declaration that it has no duty to defend or indemnify the Albrechts in the state court litigation under either Policy. ECF No. 1. Allstate contends in the Complaint that it does not have a duty to defend or indemnify the Albrechts under the Policies because the alleged conduct in the state court action does not constitute an "occurrence" under the Policies, as the Albrechts' alleged actions are not accidental and did not result in bodily injury or property damage to the Jameses, and the Jameses' claimed injuries and/or damages are barred by the Policies' expected or intended acts exclusions. *Id.* Allstate alternatively contends that if the Jameses' claimed injuries or damages are covered under either policy, the Albrechts' actions are all related to the same or substantially the same general harmful conditions and thus constitute one occurrence. *Id.*

The Complaint in this case was served on the Albrechts on March 8, 2025, ECF Nos. 4, 5, and they have failed to appear or defend this lawsuit in any way. Allstate asserts that, following their receipt of the Summons and Complaint in this action, the Albrechts contacted attorney

Jeffrey Cojocar of the Law Offices of Jeffrey A. Cojocar, P.C., and Mr. Cojocar advised Allstate's counsel that the Albrechts did not want to challenge or otherwise participate in this declaratory action. Cary R. Berlin Affidavit, ECF No. 12, PageID.154.

Co-defendants Mike and Marjanna James were served with the Complaint in this action on March 6, 2025, ECF No. 6, and on April 21, 2025, the Court entered a Consent Order of Dismissal as to the Jameses in which the Jameses agreed "that Allstate does not have a duty to defend or indemnify the Co-Defendants, Justin Albrecht and Emily Albrecht under the Albrecht's" Allstate Policies "in the litigation they brought against the Albrechts, which is currently pending in the Macomb County Circuit Court, under case number 2024-005000-CZ." ECF No. 7. The James Defendants were then dismissed with prejudice from this case. *Id.*

Allstate states it sent a proposed stipulated order to Mr. Cojocar asking that the Albrechts agree that Allstate did not have a duty under the Policies to defend them in the Macomb County Circuit Court lawsuit the Jameses filed against them, in which case this instant declaratory judgment action would be dismissed with prejudice. Berlin Aff., ECF No. 12, PageID.154. Neither the Albrechts nor Mr. Cojocar responded to Allstate's request that they agree to the proposed order, and the Albrechts have not otherwise filed anything with this Court.

On May 2, 2025, the Clerk of this Court entered defaults as to Justin and Emily Albrecht. ECF Nos. 10, 11.

Allstate then filed the instant Motion for Default Judgment as to Emily and Justin Albrecht and for Dismissal of this Case with Prejudice. ECF No. 12. Allstate served a copy of the motion on Justin and Emily Albrecht by first class mail. *Id.* PageID.159. No response or other pleading has been filed.

## II.     LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs entry of judgment by default. Rule 55 requires that, to obtain judgment by default, the proponent must first request the Clerk's entry of default pursuant to Rule 55(a) when a party fails to defend an action as required. Once a default has been entered by the Clerk, the plaintiff's well-pleaded allegations are deemed admitted. *See, e.g., Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007); *Allstate Ins. Co. v. Cantrell Funeral Home Inc.*, 506 F. Supp. 3d 529, 540 (E.D. Mich. 2020) (Drain, J.). The plaintiff may then file for default judgment by the Clerk or by the court. Fed. R. Civ. P. 55(b).

When the plaintiff's complaint alleges damages for a sum certain, the Clerk "on plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing...." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). A default judgment may be entered without a hearing unless it is necessary to determine the amount of monetary

5

damages, to establish the truth of any allegation by evidence, or to investigate any other matter. *Id.* The court must exercise "sound judicial discretion" when determining whether to enter the default judgment. 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2685 (4th ed. 2022); *see also Cantrell Funeral Home*, 506 F. Supp. 3d at 541.

### III. DISCUSSION

Allstate seeks a declaratory judgment under 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 that it has no duty to defend or indemnify the Albrechts under the Policies against the allegations brought against them by the Jameses in the lawsuit pending in the Macomb County Circuit Court (Case No. 2024-005000-CZ). The Declaratory Judgment Act, 28 U.S.C. § 2201, authorizes the Court to provide the relief that Allstate seeks—*i.e.*, to "declare the rights and other legal relations of any interested party." But the Court is "under no compulsion" to exercise jurisdiction under the Act. *Brillhart v. Excess Ins. of Am.*, 316 U.S. 491, 494 (1942). Instead, it must weigh five factors, often called the *Grand Trunk* factors, in determining whether to exercise jurisdiction: (1) whether the action would settle the controversy; (2) whether the action would be useful in clarifying the legal relations at issue; (3) whether the remedy sought is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata;" (4) whether the action would improperly encroach on state jurisdiction; and (5) whether there is a more

suitable alternative remedy. *United Specialty Ins. Co. v. Cole's Place*, 936 F.3d 386, 396 (6th Cir. 2019) (citing *Grand Trunk W. R.R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984)). The Sixth Circuit Court of Appeals further breaks down the fourth factor into three sub-factors:

> (1) [W]hether the underlying factual issues are important to an informed resolution of the case;
>
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (3) whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common law or statutory law dictates a resolution of the declaratory judgment action.

*Id.* (alteration in original) (quoting *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 560 (6th Cir. 2008)).

The first two *Grand Trunk* factors are closely related, *Cantrell Funeral Home*, 506 F. Supp. 3d at 544, and weigh in favor of the Court exercising jurisdiction under the Declaratory Judgment Act. Allstate here joined the state-court plaintiffs in this declaratory judgment action, who agree that Allstate does not have a duty to defend or indemnify the Albrechts with regard to the state-court allegations, and a declaration that Allstate has no duty to defend or indemnify Justin or Emily Albrecht in the underlying state court action against them would settle the scope of insurance coverage and the insurance indemnity obligations and serve

a useful purpose in clarifying the legal relations at issue. *See United Specialty Ins. Co.*, 936 F.3d at 397–98 (collecting cases and observing that several courts agree that declaratory judgment concerning insurance coverage "settle[s] the controversy" and clarifies legal relations, especially when state-court plaintiffs are joined, because it resolves the dispute between the insurer and the insured over who will pay for the state-court litigation).

As to the third factor—whether a party's request for declaratory judgment is motivated by "procedural fencing" or is likely to create a race for res judicata, *Grand Trunk*, 746 F.2d at 326—the Sixth Circuit has found evidence of improper "procedural fencing" when a declaratory-judgment plaintiff filed suit in apparent anticipation of state-court litigation. *United Specialty Ins. Co.*, 936 F.3d at 399; *see also Bituminous Cas. Corp. v. J&L Lumber Co.*, 373 F.3d 807, 814 (6th Cir. 2004). This is not a concern here as Mike and Marjanna James initiated the state-court suit against the Albrechts months before Allstate filed this declaratory judgment action, and Allstate is not a party to the state-court litigation.

The Court finds as to the fourth factor—whether exercising jurisdiction over this case would increase friction between federal and state courts and improperly encroach on state jurisdiction—that this declaratory judgment action would not "improperly encroach upon state jurisdiction," *Grand Trunk*, 746 F.2d at 326, because the liability issues being determined in state court are legally and factually distinct from the

policy interpretation issue in this case, and the state court's ability to resolve the pending claims will not be inhibited by granting declaratory relief in this case. The question of insurance coverage will not be litigated in the state-court action, and nothing suggests that state court is a more appropriate or better-suited forum for resolving the narrow policy interpretation issue in this case. *See Flowers*, 513 F.3d at 560 (discussing subfactors to consider in evaluating whether declaratory action improperly encroaches on state jurisdiction).

Finally, the Court finds that the fifth factor—whether alternative remedies are available—does not heavily weigh in favor of declining to exercise jurisdiction. While Allstate could presumably file an action for a declaratory judgment in state court, nothing indicates that would be a better or more effective course of action. And "[the Albrechts], in choosing not to file an answer or otherwise defend this matter, do not argue that a state court declaratory judgment action would be better or more effective than a federal court declaratory judgment action." *Cantrell Funeral Home*, 506 F. Supp. 3d at 545–46 (citation omitted).

Accordingly, balancing all five factors together, the Court finds that Allstate is entitled to the relief it seeks, and that the *Grand Trunk* factors weigh in favor of exercising discretion under the Declaratory Judgment Act in this case. the James Defendants previously agreed that Allstate does not have a duty to defend or to indemnify the Albrechts under the Allstate Policies against the allegations brought against them in the

9

state-court action, and the Jameses have been dismissed from this action. Finally, Defendants Emily and Justin Albrecht are deemed to have admitted all of the well-pleaded allegations in the Complaint by failing to plead or otherwise respond to Allstate's Complaint. *See Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (Cleland, J.) (citing *Visioneering Constr. v. U.S. Fidelity & Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)). Allstate pleaded facts that entitle it to declaratory judgment. *See* ECF No. 1. Allstate's motion therefore will be **GRANTED**.

## IV. CONCLUSION

For the reasons state above, Allstate's Motion for Entry of Default Judgment Against Defendants Justin Albrecht and Emily Albrecht and for a Dismissal of this Case, ECF No. 12, is **GRANTED.**

It is **FURTHER DECLARED** that:

(1) Allstate does not have a duty to defend or to indemnify Justin Albrecht under his Allstate House and Home Policy or his Allstate Personal Umbrella Policy against the allegations brought against him by Michael James and Marjanna James in the lawsuit that is currently pending the Macomb County Circuit Court (Case No. 2024-005000-CZ)

(2) Allstate does not have a duty to defend or to indemnify Emily Albrecht under her Allstate House and Home Policy or her Allstate Personal Umbrella Policy against the allegations brought against her by Michael James and Marjanna James in

the lawsuit that is currently pending the Macomb County Circuit Court (Case No. 2024-005000-CZ); and

(3) Due to the Claimants, Michael James and Marjanna James, previously agreeing that Allstate does not have a duty to defend or to indemnify Justin Albrecht or Emily Albrecht under their Allstate House and Home Policy or their Allstate Personal Umbrella Policy against the allegations brought against them by Michael James and Marjanna James in the lawsuit that is currently pending the Macomb County Circuit Court (Case No. 2024-005000-CZ), Allstate's obligation under the policies have been resolved, and Allstate does not owe any further duties in this matter, resulting in this Declaratory Judgment action being **DISMISSED WITH PREJUDICE**, precluding both the Albrechts and the Jameses from seeking any benefits under the Albrecht's House and Home and Personal Umbrella Policies in connection with the underlying lawsuit.

**IT IS SO ORDERED.**

**This is a final order that closes the case.**

Dated: November 3, 2025     /s/Terrence G. Berg
                                         HON. TERRENCE G. BERG
                                         UNITED STATES DISTRICT JUDGE