UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ALLSTATE INDEMNITY COMPANY and ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,** | **2:25-CV-10465-TGB-APP** |
| Plaintiffs, | HON. TERRENCE G. BERG |
| vs. | **ORDER DENYING DEFENDANTS' JOINT PRO SE MOTION TO SET ASIDE DEFAULT JUDGMENT (ECF NO. 18)** |
| **JUSTIN ALBRECHT and EMILY ALBRECHT,** | |
| Defendants. | |

This case raises the question of whether this Court should set aside its earlier judgment of default that was entered against Defendants Justin Albrecht and Emily Albrecht (collectively the "Albrechts"). The Albrechts are representing themselves in this case and have moved to set aside the default judgment. ECF No. 18. That default judgment was entered because the Albrechts never responded to this lawsuit, which was brought by the Albrechts' insurance companies, Plaintiffs Allstate Indemnity Company and Allstate Vehicle and Property Insurance Company (collectively, "Allstate"), to ask the Court to decide whether Allstate's policies required them to pay the costs of defending a separate lawsuit that was brought against the Albrechts by their neighbors. Allstate has filed a response in opposition to the Albrechts' Motion to set aside the default judgment. ECF No. 19. The Court has carefully considered the parties' submissions and does not believe that oral

argument will aid in its disposition of this motion; therefore, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons set forth below, the Albrechts' Motion to Set Aside Default Judgment will be **DENIED**.

## I.   BACKGROUND

On February 18, 2025, Allstate filed a Complaint for Declaratory Judgment. ECF No. 1. Allstate seeks a determination that it owes no duty to defend or indemnify the Albrechts in an underlying Michigan state-court lawsuit in which the Albrechts' neighbors, Mike and Marjana James (collectively, the "Jameses"), sued the Albrechts for continually harassing them. In that state-court lawsuit, the Jameses allege the Albrechts repeatedly called the police and filed complaints against them for their dogs barking, using a tent in their own backyard, having a shed, and playing music too loud. The Jameses further alleged that the Albrechts trespassed onto their property, invaded their privacy, created a nuisance, assaulted them, and committed intentional infliction of emotional distress and defamation. The Jameses seek monetary damages and equitable relief, including a restraining order. The Albrechts requested that Allstate provide them a defense in the underlying state court litigation and indemnify them against any judgment, and Allstate responded by indicating they would provide a defense under a reservation of rights—meaning Allstate might later conclude that the Albrechts are not covered under the Policies. *Id.*; ECF No. 1-5. Now

Allstate brings this complaint against the Albrechts and the Jameses seeking a determination that it owes no duty to defend or indemnify the Albrechts or pay any damages to the Jameses. The Jameses have since agreed there is no right to indemnification and have been voluntarily dismissed from this case. ECF No. 7.

The Complaint in this case was served on the Albrechts on March 8, 2025, ECF Nos. 4, 5, but they failed to appear or defend this lawsuit in any way. Instead, following receipt of the Summons and Complaint in this case, the Albrechts state they contacted attorney Jeffery A. Cojocar—the attorney who was representing them in the state court litigation—for advice. ECF No. 18, PageID.180. The Albrechts assert that Mr. Cojocar advised them in a March 13, 2025 telephone conversation to "just defer and just not respond to the [federal] lawsuit and leave it up to the federal judge's discretion as to what he decides to do as to whether there's coverage or not" and that he "would probably just let them do whatever they're going to do in federal court and not participate," positing that "[m]aybe Judge Berg will come back and say, yeah, I think there's coverage here." *Id.* PageID.180 (*see* "Transcript excerpts" at PageID.193, 195).[1] The Albrechts further assert that Mr. Cojocar advised them in an

---

[1]     The Albrechts have attached two documents entitled "transcripts" that are unsworn (that is, not under oath) and of unknown provenance or authenticity. *See* ECF No. 18, PageID.192–96, 207–09. Whether they were created from an audio or computer-assisted recording, from handwritten notes, or from memory, these are not "transcripts" certified

email on March 21, 2025 that he "would suggest from [the Albrechts'] perspective, to simply let the federal judge determine whether he wants to acknowledge jurisdiction of the claim in the federal court or not and make a ruling as to whether he believes there is coverage responsibility by the carrier for this state lawsuit" so that the Albrechts could avoid "having to undertake significant expense in litigating a declaratory judgment action in the federal court, while also defending yourself against the state court action." *Id.* (citing 3/21/2025 Email at PageID.198).

On April 1, 2025, Mr. Cojocar sent an email to Allstate's counsel confirming that "Mr. and Mrs. Albrecht do not want to invest the time or money to contemporaneously litigate the declaratory judgment matter[.]" *Id.* PageID.204. He also stated "[p]lease let me know if there is something I need to file with the court to acknowledge the Albrecht's [sic] stance or if I should leave well enough alone." *Id.* Allstate's counsel responded with an email attaching an order she stated she "use[d] in similar situations"

---

by a professional court reporter that can be recognized by the Court as valid or reliable. The first of these purports to recreate an alleged conversation with Mr. Cojocar. *See* ECF No. 18, PageID.192–96. The second claims to reproduce only part of a purported conversation the Albrechts had with an Allstate representative on March 11, 2025. *Id.* PageID.207–09. The Court gives the alleged statements in these two "transcripts" very little weight because they are unsworn, out-of-court statements, and are inadmissible hearsay within hearsay. *See* Fed. R. Evid. 801, 802; *see Essex Ins. Co. v. Fidelity & Guar. Ins. Underwriters, Inc.*, 282 F. App'x 406, 411–12 (6th Cir. 2008).

for the Albrechts' review, *id.* PageID.203, and then followed up in an email about a week later stating that the Jameses "are agreeing to an order that there is no coverage under the policies, so we will need to amend our order to also say there is no coverage, so it can be a final order and closes the case." *Id.* PageID.202. In that April 9, 2025 email, Allstate's counsel requested that the Albrechts sign the order, or that Mr. Cojocar enter an appearance in this matter and then sign it as the Albrechts' counsel, and further that "[i]f [the Albrechts] do not agree to the dismissal, please advise if you will be appearing, *as they will need to get their Answer to the Complaint filed." Id.* (emphasis added). It appears that Mr. Cojocar then forwarded that email and proposed order to the Albrechts for their review that same day. *Id.* PageID.201.

Thereafter, a Consent Order of Dismissal With Prejudice as to Defendants Michael James and Marjanna James was entered on April 21, 2025, in which the Jameses, through counsel, agreed that Allstate did not have a duty to defend the Albrechts under any of their policies in the state court lawsuit, and the Jameses were dismissed from this case. ECF No. 7.

On May 2, 2025, the Clerk of this Court entered defaults as to Justin and Emily Albrecht for their failure to plead or otherwise defend this lawsuit. ECF Nos. 10, 11. Allstate filed a Motion for Default Judgment on May 6, 2025, based on the Jameses' agreement to the relief sought in the Complaint and the Albrechts' failure to respond to the

Complaint. ECF No. 12. Allstate served a copy of that motion on the Albrechts by first class mail.[2] *Id.* PageID.159. The Albrechts did not respond to the motion.

On November 3, 2025, the Court entered an Order granting Allstate's Motion for Default Judgment, and a Default Judgment. ECF Nos. 14, 15. Allstate asserts that it served a copy of the Order and Judgment on the Albrechts on November 4, 2025. ECF No. 19, PageID.236.

On December 1, 2025, the Albrechts filed a Notice of Appeal of this case to the Sixth Circuit Court of Appeals. ECF No. 16. That same day, they also filed the instant Motion to Set Aside Default. ECF No. 18. Allstate filed a response in opposition to the Albrechts' motion. ECF No. 19. The Albrechts did not file a reply. Pursuant to Fed. R. App. P. 4(a)(4), the Sixth Circuit has held the Albrechts' appeal in abeyance until after this Court rules on the pending motion to set aside judgment. *Allstate Indem. Co. v. Albrecht*, No. 25-2087 (6th Cir. Jan. 5, 2026) (ECF No. 8).[3]

---

[2] Having been served with Allstate's Motion for Default, the Albrechts were unquestionably on notice that they were going to lose coverage by not responding to this lawsuit. Then would have been the time to oppose the default and provide the kinds of explanations they are giving now—that their lawyer told them not to respond because the Court might still rule in their favor. They were on notice that the Court was going to rule against them—because they failed to respond—but they chose to do nothing.

[3] Allstate argues in its Response that this Court does not have jurisdiction to grant the Albrechts' motion to set aside default because

## II. LEGAL STANDARD

"Once a default judgment is entered, it may be set aside only in accordance with the requirements of Federal Rule of Civil Procedure 60(b)." *Copeland v. Lampkin*, No. 24-1995, 2025 WL 3458592, at *2 (6th Cir. May 23, 2025) (citing cases). "Thus," explains the Sixth Circuit, "to set aside a default judgment, a court must (1) consider the equitable factors of whether the defendant's culpable conduct led to the judgment, whether the defendant has a meritorious defense, and whether the plaintiff will be prejudiced, and (2) find that one of Rule 60(b)'s specific requirements is met." *Id.*; *see also Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433 (6th Cir. 1996) ("Where Rule 60(b) is invoked to set aside a default judgment, the court must both consider the Rule 55 equitable

---

they have filed an appeal to the Sixth Circuit. ECF No. 19, PageID.239. However, while "the filing of a notice of appeal generally confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal," *In re Mosley*, 494 F.3d 1320, 1328 (11th Cir. 2007) (citation modified), there is an exception under Federal Rule of Appellate Procedure 4(a)(4)(A)(vi) when a Rule 60 motion, such as the Albrechts' motion, is pending. In that situation, a notice of appeal is held in abeyance and becomes effective when a district court disposes of a pending Rule 60 motion. Fed. R. App. P. 4(a)(4)(A)(vi); *Knapp v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:19-cv-00542, 2021 WL 879120, at *1 (M.D. Tenn. Feb. 10, 2021) ("Plaintiff's Motion to Set Aside Judgment, being premised on Rule 60 of the Federal Rules of Civil Procedure, is a motion of the type listed in Fed. R. App. P. 4(a)(4)(A)."), *aff'd*, No. 21-5106/5219, 2022 WL 709813 (6th Cir. Feb 10, 2022). This Court therefore retains jurisdiction under Fed. R. App. P. 4(a)(4)(A)(vi) to decide the Albrechts' motion.

factors as enumerated in *United Coin [Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)] and find that one of the specific requirements of Rule 60(b) is met."). These Rule 60(b) grounds include: (1) mistake, inadvertence, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of the adverse party; (4) the judgment is void; (5) the judgment is satisfied, released, or discharged; (6) any other relief justifying relief from judgment. Fed. R. Civ. P. 60(b)(1)–(6).

While "[p]ro se plaintiffs" like the Albrechts "enjoy the benefit of a liberal construction of their pleadings and filings," *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), "ignorance of the law, despite a litigant's *pro se* status, is no excuse for failure to follow established legal requirements." *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (Rosen, J.).

### III. DISCUSSION

The Albrechts argue that they are entitled to set aside the default judgment entered against them under Fed. R. Civ. P. 60(b), including the Rule 55 equitable factors enumerated in *United Coin*. ECF No. 18. Specifically, they argue that (1) they have a meritorious defense, (2) their default was not the result of culpable conduct, (3) Allstate will not be prejudiced by setting aside the judgment, (4) Allstate's alleged misrepresentations support relief under Rule 60(b)(3), (5) extraordinary

circumstances support relief under Rule 60(b)(6), and (6) public policy favors relief. *Id.* PageID.182–84.

Allstate filed a response in opposition to the Albrechts' motion to set aside default judgment. ECF No. 19. It argues that the Albrechts have not established that relief is warranted under the *United Coin* equitable factors or under any element of Rule 60(b). *Id.* PageID.242–50. Allstate further contends that the Albrechts have failed to cite any case law in support of their motion, failed to seek concurrence prior to filing their motion, and that the "transcripts" they rely on as evidence in this motion are inadmissible hearsay because they are not certified or sworn under oath and therefore should not be considered. *Id.* PageID.240–41, 250.

For the reasons that follow, the Albrechts' motion to set aside default will be **DENIED**.

### A. Culpable Conduct

The Sixth Circuit has explained that the "culpable conduct" factor is the most critical consideration in a motion to set aside default judgment. *See Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). A defendant's conduct leading to a default is willful or culpable if the defendant "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 841 (6th Cir. 2011) (citing *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)). "[M]ere negligence or failure

to act reasonably is not enough to sustain a default." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 327 (6th Cir. 2010).

The Albrechts argue that their conduct leading to the default judgment against them was not culpable but was instead due to "their attorney's advice to default," Allstate's alleged "statements suggesting coverage was already accepted," and their "belief that the [Court] would still assess coverage." ECF No. 18, PageID.183. They contend they were "misled into believing that default would not harm their rights." *Id.*

Allstate argues in response that the Albrechts demonstrated an intent to thwart judicial proceedings and that they had no regard for the effect of their conduct on these proceedings, as they admit that, after consulting with counsel, they intentionally chose not to spend the time or money responding to this action. ECF No. 19, PageID.244–45. Allstate asserts that the Albrechts' blanket disregard for the proceedings before this Court should not be rewarded. *Id.*

The Court finds that the Albrechts' culpable conduct led to the entry of default judgment in this case. They admit that they were fully aware that this suit had been filed and was proceeding against them and intentionally chose not to respond to it, even after the defaults were entered against them, and after Allstate filed its motion for default judgment, which was served on them. That motion plainly stated that it was seeking an order of default judgment holding that "Allstate does not have a duty to defend or to indemnify the Albrechts under the Allstate

10

[Policies] against the allegations brought against them by Michael James and Marjanna James" in the underlying state court lawsuit. ECF No. 12, PageID.155–56. The Albrechts had more than ample time to appear and respond to the motion for default judgment before that motion was ultimately granted but still chose not to participate in this litigation. "It is cases such as this—where the defaulting party, fully aware of the lawsuit, intentionally disregards the proceedings—that merit no relief." *Williams v. Delamar Car Co.*, No. 1:11-CV-26, 2011 WL 5878390, at *3 (W.D. Mich. Nov. 23, 2011) (citing *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 795 (6th Cir. 2002)) (stating "[i]f filing of a motion to set aside default judgment itself were sufficient to show that a defendant has not ignored the proceedings, … no default judgment would ever stand."); *see also Robinson v. Ergo Sols., LLC*, No. CV 12-147 (JDB), 2014 WL 12788937, at *3 (D.D.C. Feb. 14, 2014) ("In the case of a willful failure to respond, a default judgment is the appropriate remedy, because it will prevent a non-responsive defendant from profiting by an intentional strategy of delay, and it will incentivize future litigants to respect the adversary process.").

The Albrechts' claimed reliance on the alleged statements of an "Allstate representative" regarding coverage fails. As stated above, the uncertified, unsworn account of only a part of a purported telephone conversation between the Albrechts and an Allstate representative is inadmissible hearsay within hearsay. Further, even if that evidence was

11

admissible, which it is not, it does not support a finding of non-culpability. At best, the Albrechts claim the representative stated "I *think* [coverage was approved] for defamation," and "*[i]f* there is one allegation in there that's covered, we cover the whole suit." *See* ECF No. 18, PageID.181. These are hardly definitive statements excusing the Albrechts' intentional failure to participate in this litigation. Similarly, their purported "belief that [this Court] would still assess coverage" does not excuse the Albrechts' intentional choice not to participate in this litigation. Indeed, this kind of evidence, if valid, should have encouraged the Albrechts to contest the declaratory action because they are saying they had proof that a representative of the insurance company told them they had coverage. Instead they decided not to respond after receiving notice that default might be granted against them on the question of coverage.

The Albrechts' contention that they were not culpable because they were relying on their attorney's advice to default also fails. The Supreme Court noted that "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993). A client, having chosen a particular attorney to represent him in a proceeding, cannot "avoid the consequences of the acts or omissions of this freely selected agent," and "[a]ny other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the

12

acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Id.* at 397. "[T]he uniform decisions of [the Sixth Circuit] and other circuits establish that [Rule 60(b)(1)] does not permit litigants and their counsel to evade the consequences of their legal positions and litigation strategies, even though these might prove unsuccessful, ill-advised, or even flatly erroneous." *McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002).

The Sixth Circuit, however, has permitted relief under Rule 60(b)(6) in a few instances based on the gross negligence of counsel. *See, e.g., Fuller v. Quire*, 916 F.2d 358, 361 (6th Cir. 1990) (holding relief proper under Rule 60(b)(6) and dismissing the appeal where a lawyer failed to appear at the "court's docket call" as ordered, and plaintiff filed an affidavit that his lawyer ceased communication with him, and failed to inform him of the docket call or the dismissal of his case); *Valvoline Instant Oil Change Franchising, Inc. v. Autocare Assoc., Inc.*, No. 98-5041, 1999 WL 98590, at *4 (6th Cir. 1999) (holding attorney's gross negligence could provide a basis for relief under Rule 60(b)(6) where attorney suffered from a mental disorder and led client to believe that he had settled the case, but instead failed to inform client or appear at a pre-trial conference which resulted in a default judgment, the defendants

13

themselves were not negligent).[4] The Albrechts do not allege any such similar alleged grossly negligent conduct by their attorney in this case.

In any event, even considering the Albrechts' attorney's alleged advice to default, "[i]n order to avert a finding a[sic] culpability so as to obtain relief from a default judgment, a party must establish that he or she has been a 'diligent conscientious client.'" *CSX Transp., Inc. v. May*, Nos. 89-6497, 89-6498, 1990 WL 197834, at *4 (6th Cir. Dec.7, 1990) (per curiam) (quoting *Coleman v. Smith,* 814 F.2d 1142, 1146 (7th Cir.1987)). The Albrechts cannot make that showing here as they were fully aware of the original complaint, the subsequent proceedings, including the motion for default judgment, and still chose not to participate in this lawsuit. The Albrechts' seeming regret now over their chosen litigation strategy does not render their intentional conduct any less culpable. *See Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1101 (9th Cir. 2006) (stating that Rule 60 does not "remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel" and that "[s]uch mistakes are more appropriately addressed through malpractice

---

[4]     Other courts in other circuits have taken a similar approach. *See, e.g., Joseph J.S. v. O'Malley*, No. CV 1:23-4456-SVH, 2024 WL 3224764, at *4–5 (D.S.C. June 5, 2024) (stating "[a]lthough courts have granted relief under Rule 60(b)(6) to parties based on arguments regarding their attorneys' performances, they have only done so where the attorneys' performances fell well-below the standard for representation.") (collecting cases).

claims."); *Yapp v. Excel Corp.,* 186 F.3d 1222, 1231 (10th Cir.1999) ("[A] party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes.").

The Albrechts made a strategic decision, based on economic considerations and with the advice of counsel, that they would take their chances in not responding to the federal declaratory action in the hope that the Court might possibly find coverage "on its own," even if they did not respond. After getting notice that Allstate was moving for a default judgment that, if granted, would deny them coverage, the Albrechts still chose not to respond—effectively accepting the outcome that they knew was possible.

Accordingly, this factor weighs against setting aside the default judgment.

**B. Meritorious Defense**

The Albrechts also contend that the default judgment should be set aside because they have a meritorious defense to this declaratory judgment action. ECF No. 18, PageID.182–83. They argue that the Umbrella Policy expressly provides coverage for personal injury offenses including "defamation … [and] invasion of rights of privacy," and that the underlying state-court complaint alleges a claim against them for defamation. *Id.* The Albrechts further assert that Allstate has continued to provide a defense for them in the state-court litigation, even after

obtaining default judgment in this matter, and that Allstate's continued conduct is inconsistent with a "no-coverage position." *Id.*

Allstate responds that the Albrechts have failed to assert any meritorious defenses to Allstate's claim in *this* action, seeking a declaration that there is no coverage under the Policies because no "accident" occurred, as defined by the Policies, which is required for coverage, and because the Albrechts' intentional actions gave rise to the state-court litigation, and intentional conduct is excluded from coverage under the Policies. ECF No. 19, PageID.243. Allstate asserts that the Albrechts have not offered any evidence or argument that the actions complained of in the state-court litigation were accidental, or that their actions were not intentional. *Id.* They instead have only asserted an "uncited quote of the policy and argument with no legal support." *Id.*

"[I]n order to establish a 'meritorious defense,' the defendant must state 'a defense good at law' which is sufficient if it contains 'even a hint of a suggestion which, if proven at trial, would constitute a complete defense.'" *Thompson*, 95 F.3d at 434 (quoting *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398–99 (6th Cir. 1987)). Importantly, "[i]n determining whether a defaulted defendant has a meritorious defense 'likelihood of success is not the measure.'" *United Coin*, 705 F.2d at 845 (quoting *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 374 (D.C. Circ. 1980)).

16

The Court agrees that the Albrechts' have failed to advance a meritorious defense sufficient to set aside the default judgment in this declaratory judgment action. In their motion, the Albrechts fail to address the allegations in Allstate's Complaint for Declaratory Action that the Jameses have not alleged that they sustained a bodily injury or property damage, as defined in the Policies, as a result of the Albrechts' alleged conduct, and that the Albrechts' conduct did not result from an accident, but rather their actions were intentional and thus precluded from coverage. *See* ECF No. 1, PageID.8–9, 12–13. The Albrechts do not address these allegations in their motion, much less assert a meritorious defense to them. However, even assuming that the Albrechts had met the minimal burden of asserting a meritorious defense to Allstate's allegations, because they engaged in intentional, culpable conduct, as discussed above, and fail to meet the Rule 60(b) factors addressed in their motion, as discussed next, their motion to set aside the default judgment would still be denied.

### C. Prejudice

The Albrechts contend that reopening this case will impose no unfair prejudice on Allstate because this case is purely legal in nature, no evidence has been lost, no witnesses compromised, no deadlines prejudiced, and litigating the merits of a declaratory judgment action is routine. ECF No. 18, PageID.184. Allstate argues in its response that it will suffer prejudice if the default judgment is set aside because more

17

than 10 months have passed since its declaratory judgment action was filed and more than one year since the state court action was initiated, and thus there is a likely loss of witness' testimony/memories. ECF No. 19, PageID.242–43. In addition, Allstate contends that it could have been part of the underlying discovery in the state court action, and setting aside the default judgment could result in fraud and collusion, as the parties in the state court action have an interest in there being coverage and reopening this case could result in those parties colluding to alter the facts and find coverage. *Id.*

To demonstrate prejudice sufficient to set aside a default judgment, "[m]ere delay" in resolving the plaintiff's claims is not enough. *United Coin Meter*, 705 F.2d at 845; *see also Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006). Instead, a plaintiff "would have to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties." *Burrell*, 434 F.3d at 835 (citing *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)). It does not appear that Allstate has argued that it will suffer any prejudice beyond a "mere delay" in the proceedings and it only asserts possible "fraud and collusion" if the default is set aside. In any event, even assuming the absence of prejudice, as stated above, because the Court finds that the Albrechts engaged in culpable conduct, as discussed above, and because they fail to meet the Rule 60(b) factors addressed in their motion, as discussed next, their motion to set aside the default judgment would still be denied.

18

### D. Rule 60(b) and Public Policy

"Application of Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *United States v. Rohner*, 634 F. App'x 495, 506 (6th Cir. 2015) (quoting *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014)). "Accordingly, the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). In addition, "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Tyler*, 749 F.3d at 509.

In their motion, the Albrechts invoke only subsections (3) and (6) of Rule 60(b) as justifying setting aside of the default judgment against them. ECF No. 18, PageID.183–84.

#### 1. Rule 60(b)(3)

To obtain relief from a final judgment under Rule 60(b)(3), the Albrechts must establish "by clear and convincing evidence that [Allstate] deliberately engaged in some act of fraud, misrepresentation or other misconduct that adversely affected the fairness of the proceedings." *Thurmond v. Wayne Cnty. Sheriff Dep't*, 564 F. App'x 823, 827 (6th Cir. 2014) (citation omitted). "Fraud is the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment." *Info-Hold, Inc.*, 538

19

F.3d at 456 (citations omitted). A "misrepresentation" is an affirmative misstatement. *See Jordan v. Paccar, Inc.*, 97 F.3d 1452, 1996 WL 528950, at *6 (6th Cir. Sept. 17, 1996) (citing *Platsis v. E.F. Hutton & Co.*, 946 F.2d 38, 41–42 (6th Cir. 1991)). Finally, "misconduct" reaches "questionable behavior affecting the fairness of litigation[.]" *Id.* At bottom, Rule 60(b)(3) requires "a deliberate act that adversely impacted the fairness of the relevant legal proceeding[.]" *Info-Hold, Inc.*, 538 F.3d at 455 (quoting *Jordan*, 1996 WL 528950, at *6).

The Albrechts claim that relief from judgment is warranted under Rule 60(b)(3) based on an Allstate representative's alleged statement in a conversation with the Albrechts that that "[i]f there is one allegation in there that's covered, we cover the whole suit," which they assert is inconsistent with terminating coverage under the Policies due to the Albrechts' default. ECF No. 18, PageID.183.

The Albrechts fail to present clear and convincing evidence that Allstate committed a deliberate act of fraud or misrepresentation. First, as discussed before, the "transcript" of part of an alleged phone conversation the Albrechts had with a purported Allstate representative that the Albrechts rely on is not certified, the alleged statements in the transcript are not made under oath, and the transcript has not been authenticated. It is therefore inadmissible hearsay within hearsay evidence. Without knowing how it was created, it is no more reliable than handwritten notes of a conversation that seek to record what was said. It

20

may be accurate, it may not. Second, it is undisputed that Allstate is defending the Albrechts in the state court action under a reservation of rights, reserving its right to later disclaim any coverage obligation under the Policies, ECF No. 1-5, and Allstate plainly sought in this declaratory judgment action to have the Court declare that Allstate was no longer required to defend the Albrechts. ECF No. 1. Accordingly, there was no misrepresentation, fraud, or misconduct that Rule 60(b)(3) was meant to address. As a result, the Albrechts are not entitled to relief under Rule 60(b)(3).

### 2. Rule 60(b)(6)

That leaves the catch-all provision under Rule 60. Under Rule 60(b)(6), relief from a judgment may be granted for "any other reason that justifies relief." Rule 60(b)(6) "applies 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.'" *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)); *see also BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025) ("Relief under Rule 60(b)(6) requires extraordinary circumstances."). As explained by the Sixth Circuit:

> "Courts ... must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present." *Olle*, 910 F.2d at 365 (internal quotation marks

21

omitted). "The 'something more' ... must include unusual and extreme situations where principles of equity *mandate* relief." *Id.* "There are few cases elaborating on the 'something more' that is required. This may be explained ... by the fact that clauses 1–5 of the Rule cover almost every conceivable ground for relief." *Pruzinsky v. Gianetti (In re Walter)*, 282 F.3d 434, 440 (6th Cir.) (internal quotation marks omitted), *cert. denied*, 537 U.S. 885, 123 S.Ct. 118, 154 L.Ed.2d 144 (2002).

*Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468–69 (6th Cir. 2007). "'In a vast majority of the cases finding that extraordinary circumstances do exist ..., the movant is completely without fault for his or her predicament.'" *BLOM Bank SAL*, 605 U.S. at 212 (quoting 12 J. Moore, D. Coquillette, G. Joseph, G. Vairo, & C. Varner, Moore's Federal Practice § 60.48[3][b], p. 60–188 (3d ed. 2024)).

The Albrechts complain that they "now face total loss of defense and indemnity—not because of a judicial determination on the merits, but solely due to reliance on incorrect advice." ECF No. 18, PageID.184. That simply does not constitute exceptional or extraordinary circumstances warranting relief. The Albrechts were served with the Complaint in this case, contacted their attorney in the underlying state court action, and intentionally chose not to respond in this case seemingly to avoid legal expenses. *See Williams*, 2011 WL 5878390, at *3 ("It is cases such as this—where the defaulting party, fully aware of the lawsuit, intentionally disregards the proceedings—that merit no relief."); *see also Robinson*, 2014 WL 12788937, at *2–3 ("The Court has found no case where a court set aside a default judgment in the face of a willful default,

22

and several cases suggest that a finding of willfulness is virtually dispositive.") (collecting cases). "[T]here must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." *BLOM Bank SAL*, 605 U.S. at 212 (quoting *Ackermann v. United States*, 340 U.S. 193, 198 (1950)).

To the extent the Albrechts' contend that they received bad advice from their attorney, mere "[c]arelessness by a litigant or his counsel does not afford a basis for relief" under Rule 60(b) and parties "generally do not acquit themselves of responsibility by showing merely that they placed the case in the hands of an attorney." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990); *see also Travelers Cas. & Sur. Co. of Am. v. J.O.A. Constr. Co.*, 479 F. App'x 684, 696 (6th Cir. 2012) (noting that, in a civil case, "the law generally holds clients responsible for the actions and omissions of their chosen attorneys, even if inexcusably negligent"). Therefore, alleged "poor lawyering [by the Albrechts' counsel] alone is insufficient grounds to grant a Rule 60(b)(6) motion." *Pineda Transp., LLC v. FleetOne Factoring, LLC*, No. 22-6113, 2023 WL 9023358, at *3 (6th Cir. Nov. 2, 2023); *see id.* at *7 ("[A] district court is not required to grant such a motion whenever an attorney performs poorly.")*; Travelers Cas. & Sur. Co. of Am.*, 479 F. App'x at 696 (collecting cases).

As discussed above, courts in the Sixth Circuit have held, in "rare cases," that Rule 60(b)(6) may provide relief from judgment in instances

23

of counsel's gross neglect and abandonment. *See, e.g., Doyle v. Mut. of Omaha Ins. Co.*, 504 F. App'x 380, 383 (6th Cir. 2012) (collecting cases); *Fuller*, 916 F.2d at 361; *Valvoline Instant Oil Change*, 1999 WL 98590, at *4–6; *see also Reno v. Int'l Harvester Co.*, 115 F.R.D. 6, 8–10 (S.D. Ohio 1986) (awarding relief under Rule 60(b)(6) where counsel had filed the complaint, attended a scheduling conference, and then did nothing else, failing even to respond to a motion for summary judgment after getting a reminder from the judge's chambers and promising to do so quickly); *Gregson v. Metro. Life Ins. Co.*, No. 3:13-0678, 2018 WL 3655388, at *4 (M.D. Tenn. Aug. 2, 2018) (plaintiff entitled to Rule 60(b)(6) relief because her counsel completely abandoned plaintiff, failed to file motions, stopped providing her updates, failed to respond to communications, and missed the dispositive-motion deadline, which resulted in a dismissal without prejudice, while plaintiff was diligent in pursuing her case, and there was no information to indicate that she was at fault for her attorney's conduct). However, "a district court is not required to grant such a motion whenever an attorney performs poorly;" instead, "such relief is extraordinary" and "'straightforward claims of attorney error and strategic miscalculation … do not satisfy this rigorous standard.'" *Pineda Transp., LLC*, 2023 WL 9023358, at *3 (quoting *McCurrey ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 596 (6th Cir. 2002)). Thus, to obtain the relief requested under Rule 60(b)(6), a movant must establish that prior counsel engaged in gross negligence and generally

24

that the movant was free from fault. *See Reno,* 115 F.R.D. at 6, 8–10; *Gregson*, 2018 WL 4701854, at \*4.

Here, the Albrechts have simply failed to present clear and convincing evidence that their attorney engaged in grossly negligent or sufficiently egregious conduct sufficient to serve as exceptional or extraordinary circumstances under Rule 60(b)(6). In addition, they cannot establish that they were free from fault in choosing not to answer and appear in this case. Rather, they allege that they chose, based on their counsel's alleged strategic advice, and even after being served with Allstate's motion for default judgment, not to answer or appear in this case, purportedly based on their claimed belief that this Court would still assess coverage under the Policies. Although the Albrecht's attorney may have provided poor advice or an ill-advised legal strategy, to achieve relief under Rule 60(b)(6), the Albrechts need to show exceptional or extraordinary circumstances more than simple malpractice and they have not done so here. Justice thus does not mandate relief in these circumstances.

25

## IV.   CONCLUSION

For the reasons set forth above, Defendants Justin Albrecht and Emily Albrecht's Joint Pro Se Motion to Set Aside Default Judgment, ECF No. 18, is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 30, 2026         /s/Terrence G. Berg
                             HON. TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE